UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BEVERLY FISHER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-288-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment. [Record Nos. 15, 16]  Plaintiff Beverly Fisher ("Fisher" or "the Claimant") argues that the administrative law judge ("ALJ") assigned to her case did not give proper weight to opinion evidence in determining her residual functional capacity ("RFC") to work. However, Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner"), contends that the ALJ's decision is supported by substantial evidence and should be affirmed.   For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief requested by Fisher.

**I.**

On January 26, 2012, Fisher filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act ("the Act"), and supplemental security income under Title XVI of the Act.  [Record No. 7-1, Administrative

- 1 -

Transcript, "Tr.," p. 9]  She alleges a disability beginning June 9, 2010.  [Tr., p. 194]  Fisher, along with attorney Robert Cornett and vocational expert ("VE") Joyce Forrest appeared before ALJ Robert B. Bowling on April 10, 2013, for an administrative hearing.  [Tr., pp. 24–72]  On April 15, 2013, the ALJ concluded that Fisher was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.  [Tr., pp. 9–19]  Fisher appeal of that determination before the SSA's Appeals Council was denied on May 12, 2014.  [Tr., pp. 1–3]

Fisher was 43 years old when her alleged disability began on June 9, 2010, and 46 years old at the time of the ALJ's decision.  She has a high school education and previously worked as an industrial cleaner and picker/packer.  [Tr., p. 18]  After considering the testimony presented during the administrative hearing and reviewing the record, ALJ Bowling concluded that Fisher suffers from severe impairments including osteoarthritis and allied disorders, disorders of the spine, an affective disorder, and a somatoform disorder.  [Tr., p. 11]  Despite these impairments, the ALJ concluded that she maintained the RFC to perform medium work, subject to the following limitations:

> [Fisher] can stand and walk for approximately six hours in an eight-hour workday and sit for approximately six hours in an eight-hour workday; she can never climb ladders, ropes or scaffolds.  The claimant should avoid concentrated exposure to the use of moving machinery and unprotected heights.  She is limited to simple, routine and repetitive tasks performed in a work environment free of fast-paced production requirements involving only simple, work-related decisions and with few, if any, work place changes.  The claimant should have only occasional interaction with coworkers and only occasional supervision.

[Tr., p. 14–15]

- 2 -

After considering Fisher's age, education, work experience, and RFC, the ALJ determined that Fisher is capable of performing her past relevant work as an industrial cleaner and picker/packer.  [Tr., p. 18]  Thus, he concluded that Fisher was not disabled from June 9, 2010, through the date of the administrative decision.  [Tr., p. 19]

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity,' because of a medically determinable physical or mental impairment of at least one year's expected duration."  *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007).  A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'"  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)).  If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.  *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that she is not engaged in substantial gainful employment at the time of the disability application.  20 C.F.R. §§ 404.1520(b), 416.920(b).  Second, the claimant must show that she suffers from a severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(c), 416.920(c).  Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience.  20 C.F.R. §§ 404.1520(d), 416.920(d).  Fourth, if the Commissioner cannot make a determination of disability based on

medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether she can perform his past work.  If she can, she is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).

Under the fifth step of the analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether she can perform other work.  If she cannot perform other work, the Commissioner will find the claimant disabled.  20 C.F.R. §§ 404.1520(g), 416.920(g).  The Commissioner has the burden of proof only on "'the fifth step, proving that there is work available in the economy that the claimant can perform.'"  *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied.  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  The substantial-evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court.  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).  Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

- 4 -

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).   In other words, the Commissioner's findings are conclusive if they are supported by substantial evidence.  42 U.S.C. § 405(g).

## III.

Fisher alleges that the ALJ erred in determining her mental RFC.[1]   Specifically, she asserts that the ALJ erred in considering the opinion of consultative examiner Dr. Harwell Smith, Ph. D. As a result, she asserts that the ALJ's RFC is not supported by substantial evidence.

The RFC determination is a matter reserved for the ALJ. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(f) (outlining the five-step sequential evaluation process used to ascertain whether a claimant is disabled); s*ee also Edwards v. Comm'r of Soc. Sec.*, 97 F. App'x 567, 569 (6th Cir. 2004) ("[The RFC] determination is expressly reserved for the Commissioner."). In making an RFC determination, an ALJ must consider the medical evidence, non-medical evidence, and the claimant's credibility. *See* 20 C.F.R. §§ 404.1545(a), 404.1546(c), 416.945(a), 416.945(c).

---

[1]      The Claimant outlines numerous facts in her brief regarding her physical RFC and other opinion evidence. [Record No. 15-1, pp. 5–9]  However, she fails to make any specific arguments regarding this evidence.  The Court will not formulate claims on her behalf and limits "consideration to the particular point[] that [Fisher] appears to raise in her brief . . ."  *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006).

Fisher visited Dr. Smith on April 3, 2012. She was diagnosed with bipolar disorder and pain disorder associated with a medical condition and psychological factors. [Tr., p. 380] Dr. Smith determined that Fisher's ability to perform activities of daily life and to understand and remember two-step instructions were "good" while her ability to complete tasks was "fair." However, he concluded that her interact socially is "fair to poor" while her ability to tolerate stress, show sustained concentration and persistence on tasks, interact socially with people at work, and adapt or respond to the pressures of a day-to-day work setting were "poor." [*Id.*] He also found that Fisher's Global Assessment Functioning ("GAF") was 45.

Fisher argues that, although the ALJ's decision provided great weight to Dr. Smith's opinions, it was not reflected in the RFC. To reach a proper RFC, the ALJ examined the medical evidence and opinions in the record. Along with the opinions of Dr. Smith, the ALJ considered the findings of state agency psychologist Dr. H. Thompson Prout, Ph. D. [Tr., p. 17] Dr. Prout reviewed Fisher's records on October 10, 2012, concluding that Fisher's mental status resulted in mild limitations on her activities of daily life but moderate limitations regarding her ability to maintain social functioning, concentration, persistence, and pace. Additionally, Dr. Prout concluded that Fisher had the ability to perform at least simple, repetitive tasks and interact appropriately with others.[2] [Tr., pp. 117–119] The ALJ gave these opinions "some weight" but found that further limitations were present. [Tr., p. 17] The ALJ also considered reports reflecting the Claimant's statements that she could

---

2       State agency psychologist Dr. Deborah Carter, Ph. D., reviewed the record on May 5, 2012, and reached the same conclusions as Dr. Prout. [Tr., pp. 83–84] However, the ALJ did not directly acknowledge Dr. Carter's opinions.

perform a number of daily activities, regularly spent time with friends, and often spent time in public forums.  [Tr., pp. 17, 239–247, 288–296]  Finally, he considered Fisher's own testimony regarding her ability to complete daily activities.  [Tr., p. 17]

Dr. Smith's opinions were not in a form which the ALJ could adopt into the RFC verbatim.  A claimant's "non-exertional capacity must be expressed in terms of work-related functions."  *Program Operations Manual System* (POMS) DI 24510.006 ("Work-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting.").[3]  Additionally, RFCs should not include "severity ratings or nonspecific qualifying terms (*e.g.*, moderate, moderately severe)" to describe limitations because they do not adequately describe function or articulate the degree of capacity limitations.  *POMS* DI 24510.065.  Thus, Dr. Smith's opinions required the ALJ to incorporate them into a proper RFC.

Here, the RFC properly incorporated Dr. Smith's opinions into work-related functions in light of the evidence in the administrative record.  Dr. Smith found that Fisher's ability to interact socially with people at work was "poor."  [Tr., p. 380]  This opinion was included in the RFC by limiting Fisher to "only occasional interaction with coworkers and only occasional supervision."  [Tr., p. 15]  Dr. Smith also stated that the Claimant's ability to

_____

3       The POMS is a policy and procedure manual that employees of the Department of Health and Human Services use to evaluate Social Security claims.  It does not have the force and effect of law, however, it does provide persuasive authority.  *See Davis v. Sec'y of Health and Human Servs.*, 867 F.2d 336, 340 (6th Cir. 1989); *Skeen v. Astrue*, Civil Action No. 6: 09cv62-JMH, 2010 WL 598612, *3 n.2 (E.D. Ky. 2010).

adapt or respond to the pressures of a day-to-day work setting was "poor." [Tr., p. 380]  The ALJ accounted for this opinion by limiting her to work "with few, if any, work place changes." [Tr., p. 15]  Finally, Dr. Smith determined that Fisher's ability to tolerate stress was "poor," her ability to complete tasks was "fair," her ability to understand and remember two-step instructions was "good," and her ability to show sustained concentration and persistence on tasks was "poor." [Tr., p. 380]  The ALJ's RFC accounted for these opinions by limiting Fisher to "simple, routine and repetitive tasks performed in a work environment free of fast-paced production requirements involving only simple, work-related decisions." [Tr., p. 15]  Dr. Smith did not provide an opinion that the Claimant was precluded from work activity.

In light of the evidence and administrative record before the ALJ, the RFC adequately accounted for Dr. Smith's opinions.  The ALJ did not ignore Dr. Smith's medical opinions and the RFC is supported by substantial evidence.  Accordingly, it is hereby

**ORDERED** as follows:

1.    Plaintiff Beverly Fisher's Motion for Summary Judgment [Record No. 15] is **DENIED**.

2.    Defendant Carolyn W. Colvin's Motion for Summary Judgment [Record No. 16] is **GRANTED**.

3.    The administrative decision will be **AFFIRMED** by separate judgment entered this date.

- 8 -

This 12th day of March, 2015.



Signed By:

***Danny C. Reeves***

United States District Judge